UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION,<br><br>        Plaintiff(s),<br><br>  v.<br><br>BIOSEARCH TECHNOLOGIES INC,<br><br>        Defendant(s).<br>_____/ | No. C 12-00852 JSW (JCS)<br><br>**NOTICE OF REFERENCE, TIME AND PLACE OF HEARING** |

TO ALL PARTIES AND COUNSEL OF RECORD:

    The above matter has been referred to Magistrate Judge Joseph C. Spero for all discovery disputes, including issuing Reports and Recommendations if required under the circumstances, in this matter, including the Motion for Sanctions for Violation of Protective Order, docket no. 271, Motion for Protective Order, docket no. 270, and the Agreed Sealed Motion for Electronic Discovery, docket no. 144 (the "Motions").

    The hearing on the Motions have been set for **April 27, 2012, at 9:30 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California. The opposition to the Motion for Sanctions for Violation of Protective Order, docket no. 271, shall be filed and served no later than **March 12, 2012**, and the reply to the opposition shall be filed and served by **March 19, 2012.** The opposition to the Motion for Protective Order, docket no. 270, shall be filed and served no later than **March 16, 2012**, and the reply to the opposition shall be filed and served by **March 23, 2012**. All documents shall be filed in compliance with Civil L. R. 7-2 through 7-5. Documents not filed in compliance with those rules will not be considered by the Court. Any party seeking an award of attorney's fees or other expenses in connection with this motion shall file a motion in accordance with Civil L. R. 37-3.

**LAW AND MOTION HEARING PROCEDURES**

Civil law and motion is heard on Friday mornings at 9:30 a.m., in Courtroom G, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California.

In the event a **future discovery dispute** arises, IT IS HEREBY ORDERED that before filing any discovery motion before this Court, the parties must comply with the following:

1. Lead trial counsel for both parties must meet and confer *in person* regarding the matter(s) at issue. This meeting shall occur after other efforts to resolve the dispute, such as telephone, e-mail, teleconference, or correspondence, have been unsuccessful. Once those efforts have proved unsuccessful, any party may demand a meeting of lead trial counsel to resolve a discovery matter. Such a meeting shall occur within ten (10) calendar days of the demand. The locations of the meetings shall alternate. The first meeting shall be at a location selected by counsel for Plaintiff(s). If there are any future disputes, the next such meeting shall be held at a location to be determined by counsel for Defendant(s), etc.

2. Within five (5) calendar days of the in-person meeting between lead trial counsel referred to above, the parties shall jointly file a detailed letter with the Court, not to exceed ten (10) pages without leave of Court, which will include the matters that remain in dispute, a detailed substantive description of each side's position on each such issue, and a description of each side's proposed compromise on each such issue.

3. After the Court has received the joint letter, the Court will determine what future proceedings, if any, are necessary.

In the event that the parties continue to be unable to resolve the matters regarding the timing and scope of discovery, the Court will consider what future actions are necessary. These actions may include the following: (1) sanctions against a party failing to cooperate in the discovery process and meet and confer in good faith, as required by this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court; and/or (2) requiring the Chief Executive Officers of each party to attend the in-person, meet-and-confer sessions described above. The Court is not entering either of

these matters as an Order of the Court at this time, and fully expects counsel to meet their obligations under this Order and under the Local Rules.

A party or counsel has a continuing duty to supplement the initial disclosure when required under Fed. R. Civ. P. 26(e)(1).

Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than 4:30 p.m. the day before the hearing. Pursuant to Civil L. R. 7-7(e), filed motions may be withdrawn without leave of the Court, within seven (7) days of the date for service of the opposition. Thereafter, leave of the Court must be sought.

### ELECTRONIC FILING AND COURTESY COPIES

Please refer to Civil L. R. 5-4 and General Order No. 45 for the Northern District of California for information relating to electronic filing procedures and requirements.

BEFORE NOON ON THE NEXT BUSINESS DAY FOLLOWING THE ELECTRONIC FILING, THE PARTIES ARE REQUIRED TO LODGE DIRECTLY WITH CHAMBERS ONE **PAPER** COPY OF EACH DOCUMENT, WHICH IS TO BE DESIGNATED "JCS'S CHAMBERS' COPY." All filings of documents relating to motions referred to the undersigned shall list the civil case number and the district court judge's initials, followed by the designation "(JCS)".

The failure of counsel or a party to abide by this Order may result in sanctions pursuant to Fed. R. Civ. P. 16(f).

IT IS SO ORDERED.

Dated: March 13, 2012

JOSEPH C. SPERO
United States Magistrate Judge

3