1   EDWARD W. GOLDSTEIN
    (Admitted *Pro Hac Vice*)
2   egoldstein@gliplaw.com
    ALISA ANNE LIPSKI (State Bar No. 278710)
3   alipski@gliplaw.com
    GOLDSTEIN & LIPSKI PLLC
4   1177 West Loop South, Suite 400
    Houston, TX  77027
5   Telephone:    (713) 877-1515
    Facsimile:    (713) 877-1145
6
    BRIAN C. CANNON (State Bar No. 193071)
7   briancannon@quinnemanuel.com
    CHERYL A. BERRY (State Bar No. 252262)
8   cherylberry@quinnemanuel.com
    QUINN EMANUEL URQUHART
9         & SULLIVAN, LLP
    555 Twin Dolphin Drive, Fifth Floor
10  Redwood Shores, California  94065
    Telephone:   (650) 801-5000
11  Facsimile:   (650) 801-5100

12  CORA L. SCHMID (State Bar No. 237267)
    cschmid@helixip.com
13  HELIXIP LLP
    400 Seaport Court, Suite 105
14  Redwood City, CA  94063-2799
    Telephone:    (650) 241-0194
15  Facsimile:    (650) 362-1802

16  KATHERINE NOLAN-STEVAUX
    (State Bar No. 244950)
17  katherine.nolan-stevaux@lifetech.com
    LIFE TECHNOLOGIES CORP.
18  850 Lincoln Centre Drive
    Foster City, CA  94404
19  Telephone:    (650) 554-3584
    Facsimile:    (650) 554-2885
20  *Attorneys for Plaintiffs Life Technologies Corp.
    and Applied Biosystems, LLC*

    DANIEL JOHNSON, JR. (State Bar No. 57409)
    RITA E. TAUTKUS (State Bar No. 162090)
    JOSEPH SONG (State Bar No. 239494)
    MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
    San Francisco, CA 94105-1126
    Tel:  415.442.1000
    Fax:  415.442.1001
    djjohnson@morganlewis.com
    rtautkus@morganlewis.com
    joseph.song@morganlewis.com

    *Attorneys for Defendants Biosearch
    Technologies, Inc. and Eurofins MWG Operon
    Inc.*

21          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
22           SAN FRANCISCO DIVISION

23  LIFE TECHNOLOGIES CORPORATION,        Case No.  3:12-cv-00852-WHA (JCS)
    and APPLIED BIOSYSTEMS, LLC,
24                                        **JOINT CASE MANAGEMENT
                   Plaintiffs,            STATEMENT**
25        v.
                                          **Date:**    April 5, 2012
26  BIOSEARCH TECHNOLOGIES, INC.,         **Time:**    11:00 a.m.
    BIO-SYNTHESIS, INC., and              **Place:**   Courtroom 8, 19th Floor
27  EUROFINS MWG OPERON INC.,             **Judge:**   Hon. William H. Alsup
28                 Defendants.

1   Pursuant to Civil Local Rule 16-9 and the Court's Order issued March 22, 2012 at Docket

2   No. 300, Plaintiffs Life Technologies Corporation and Applied Biosystems, LLC (collectively

3   "Life Tech") and Defendants Biosearch Technologies, Inc. ("Biosearch"), Bio-Synthesis, Inc.

4   ("Bio-Synthesis"), and Eurofins MWG Operon, Inc. ("Eurofins") (collectively "Defendants")

5   jointly submit this Joint Case Management Statement and Fed. R. Civ. P. 26(f) report and request

6   that the Court adopt it as its Case Management Order in this case.

7   **1.      Jurisdiction & Service**

8   The parties agree that the Court has subject matter jurisdiction over Life Tech's claims

9   and Defendants' counterclaims under 28 U.S.C. §§ 1331 and 1338(a) because this case involves a

10   claim of patent infringement under 35 U.S.C. § 271.  Venue is proper in this judicial district under

11   28 U.S.C. §§ 1391(b) and 1400(b), as well as the Federal Circuit's Order of December 22, 2011,

12   transferring venue to this judicial district.  There are no issues regarding service, personal

13   jurisdiction, or venue.  No named parties remain to be served.  Bio-Synthesis has not made an

14   appearance after transfer in this action to date, but is presently arranging for the retention of local

15   counsel.

16   **2.      Brief Statement of Facts**

17   **Plaintiff**:  Life Tech is a global biotechnology company that provides instruments,

18   reagents and services for customers in life science research, clinical applications, and applied

19   markets such as forensics.  Life Tech's systems, consumables, and services enable researchers to

20   accelerate scientific and medical advancements that make life even better. Life Tech's customers

21   do their work across the biological spectrum, working to advance the fields of discovery and

22   translational research, molecular medicine, stem cell-based therapies, food safety and animal

23   health, and 21st century forensics. Life Tech was formed as a result of a 2008 merger between

24   two leading biotechnology companies, Invitrogen Corp. and Applied Biosystems.

25   Life Tech has a long history of commitment to the research and development, as reflected

26   in its portfolio of patents and intellectual property.  Life Tech's business includes products for

27   efficient and accurate DNA sequencing.  Life Tech's patents in suit represent fundamental

28   advances in a biochemical procedure known as PCR – polymerase chain reaction.  PCR allows

1    small portions of DNA to be replicated – "amplified" – precisely into many millions of exact

2    copies.  The patents-in-suit build on PCR by introducing a short strand of DNA, called a probe,

3    into the PCR reaction.  Such probes can be engineered to bind to, or hybridize with, a sequence of

4    interest.  Adding specific types of fluorescent labels to the probe allows scientists to monitor the

5    hybridization of the probe to the target sequence during PCR amplification, in real time.  Life

6    Tech has a well-established licensing program, providing access to its technology to a variety of

7    industry participants and life science researchers and institutions.

8        Life Tech filed this case in the Eastern District of Texas on September 18, 2009, against

9    Biosearch, alleging that Biosearch's manufacture and sale of dual -labeled fluorescent

10   oligonucleotide probes directly infringesand contributes to and induces infringement of U.S.

11   Patent Nos. 5,538,848; 5,723,591; 5,876,930; 6,030,787; and 6,258,569.  On November 5, 2009,

12   Life Tech amended its complaint to name Bio-Synthesis, Eurofins, and The Midland Certified

13   Reagent Company, Inc. ("Midland").[1]  Defendants answered the Amended Complaint.  In

14   addition to counterclaims for non-infringement and invalidity, Biosearch and Eurofins included a

15   counterclaim of inequitable conduct.  On January 5, 2010, Biosearch and Eurofins filed a motion

16   to transfer the case to the Northern District of California.  The Texas court denied that motion.

17   On October 14, 2010, Biosearch and Eurofins filed a motion for reconsideration of the court's

18   order denying transfer.  The Texas court also denied the motion for reconsideration.  On July 18,

19   2011, Biosearch and Eurofins filed a petition at the Federal Circuit seeking a writ of mandamus to

20   transfer venue.

21       On September 22, 2011, while the petition for writ of mandamus was pending, the Texas

22   court issued its claim construction order.  Dkt. No. 212.

23       On December 22, 2011, the Federal Circuit granted the petition to transfer venue.  On

24   February 22, 2012, the case was transferred from the Eastern District of Texas and assigned to

25   Judge White.  On March 22, the case was assigned to this Court.

26       Life Tech currently asserts that Defendants infringe each of the five patents in suit.  Life

27   Tech intends to narrow the number of claims at issue to streamline this action for trial, and as of

28   [1] The Midland Certified Reagent Company has since been dismissed from the action.

1   March 27, 2012, has filed a motion for leave to amend its infringement contentions [Docket No.

2   309].

3        The claim construction order resolved each of the disputed issues in favor of Life Tech.

4   The following facts are in dispute:

5        •        Whether the asserted claims of Life Tech's patents are valid;

6        •        Whether Defendants infringe the claims of Life Tech's patents;

7        •        Whether Defendants have willfully infringed the patents; and

8        •        The amount of damages owed to Life Tech to compensate for its loss

9   **Defendants:**  Biosearch and Eurofins object to Life Tech's factual statements that include

10  material that is neither a chronology of the facts nor a statement of the principal factual issues as

11  directed by the Court's standing order regarding the content of joint case management conference

12  statements.  Biosearch and Eurofins also object to Life Tech's characterization of the relevant

13  technology of the patents in suit.

14       Biosearch and Eurofins further assert that the following factual issues are in dispute:

15       •        Whether the asserted claims of Life Tech's patents are enforceable against

16  Defendants; and

17       •        Whether the asserted claims of Life Tech's patents are barred or limited by lack of

18  standing, prosecution history estoppel, unclean hands, laches, inequitable conduct, unavailability

19  of relief, adequate remedy at law, unavailability of enhanced damages, or failure to mark.

20       **3.      Legal Issues**

21       The legal issues are:

22       a.      The proper construction of the asserted claims of Life Tech's patents; Life Tech

23  believes the claim construction issues have already been resolved;

24       b.      Whether Life Tech has established by a preponderance of the evidence that

25  Defendants infringe the claims of Life Tech's patents under 35 U.S.C. § 271;

26       c.      Whether Defendants have proven by clear and convincing evidence that the

27  asserted claims are invalid;

28

d.      Whether Defendants have proven by clear and convincing evidence that the claims are unenforceable;

e.      Whether Life Tech's claims are barred or limited by any of Defendants' affirmative defenses;

f.      Damages, interest and costs under 35 U.S.C. § 284;

g.      Whether an injunction is appropriate under 35 U.S.C. § 283; and

h.      Whether and to what extent either party is entitled to recover attorney fees under 35 U.S.C. § 285.

**4.      Motions**

The following motions were filed and resolved in this case:  Biosearch and Eurofins' Motion to Transfer Venue [Docket No. 27]; Midland's Motion for Severance and Transfer [Docket No. 44]; Joint Motion to Enter Protective Order and Rule on Disputed Issues [Docket No. 104]; Biosearch and Eurofins' Motion to Reconsider the Sept. 30, 2010 Order Denying Defendants' Motion to Transfer Venue [Docket No. 122]; and Biosearch and Eurofins' Petition for Writ of Mandamus to the Federal Circuit.

The following motions were pending at the time of transfer: the Joint Motion for Electronic Discovery [Docket No. 144] and Biosearch and Eurofins' Motion for Reconsideration of the Claim Construction Order [Docket No. 218].  As directed by Magistrate Judge Spero at Docket No. 279, the parties filed a joint letter on March 28, 2012 regarding the parties' electronic discovery dispute [Docket No. 308].  However, Biosearch and Eurofins respectfully request that the Court consider and rule on the pending motion for reconsideration of the claim construction order.

Since the transfer, Life Tech has filed the following motions: a Motion for Sanctions [Docket No. 257] and a Motion for a Protective Order [Docket No. 253].  Those motions will be heard by Judge Spero on April 27, 2012 at 9:30 am.  Life Tech has also filed a motion for leave to amend its infringement contentions [Docket No. 309].

Life Tech anticipates that it may be filing further discovery motions regarding: (1) Biosearch and Eurofins' responses to Life Tech's interrogatories and requests for production; and

1  (2) Biosearch's failure to produce 3,000 email attachments it claims are either corrupted or

2  password protected.  Life Tech may also file a Motion for Judgment on the Pleadings of

3  Biosearch's and Eurofins' Inequitable Conduct Counterclaim and affirmative defense.

4       Biosearch and Eurofins anticipate that they will shortly file a Motion for Summary

5  Judgment of Invalidity of U.S. Patent Nos. 5,723,591; 5,876,930; and 6,030,787.

6       **5.**    **Amendment of Pleadings**

7       Life Tech proposes a deadline to amend pleadings of June 1, 2012.  Biosearch and

8  Eurofins assert that the deadline to amend pleadings was on June 10, 2011 and has passed,

9  pursuant to the Docket Control Order [Docket No. 84].

10       **6.**    **Evidence Preservation**

11       Life Tech represents that it has instituted reasonable document retention procedures so as

12  to maintain any relevant documents, electronic or otherwise, until this dispute is resolved.

13       Biosearch and Eurofins have imposed a litigation hold on documents related to this action.

14       **7.**    **Disclosures**

15       Life Tech has fully and timely complied with the initial disclosure requirements of Fed. R.

16  Civ. P. 26.  Life Tech believes that Bio-Synthesis may need to update its initial disclosures,

17  served on March 3, 2011, as those disclosures state that Bio-Synthesis does not infringe the

18  patents-in-suit.  However, Bio-Synthesis states in an interrogatory response that has no non-

19  infringement position.

20       Biosearch and Eurofins have fully and timely complied with the initial disclosure

21  requirements of Fed. Civ. P. 26 and served their disclosures on September 15, 2010.

22       **8.**    **Discovery**

23       The parties have been conducting discovery pursuant to a Discovery Order issued June 1,

24  2010, when the case was pending in Texas.  Dkt. No. 83.  There is currently a dispute concerning

25  appropriate search terms for electronic discovery.  Other than this dispute, the Discovery Order in

26  place is appropriate and can govern the remainder of discovery.

27       Life Tech, however, will be seeking samples of Defendants' products for testing, as well

28  as DNA sequence information for all of the accused products.

1    Life Tech has served interrogatories and requests for production on all Defendants.  Life

2    Tech has taken three party depositions that, by agreement, do not count against Life Tech in order

3    to address issues relating to the Motion for Sanctions.

4    Biosearch and Eurofins have taken the depositions of inventor Dr. Kenneth Livak and

5    non-party witnesses Dr. Lawrence Parkhurst and Dr. Laura Parkhurst.  Biosearch and Eurofins

6    have not yet served any discovery requests.

7    **9. Class Action**

8    Not applicable.

9    **10.    Related Cases**

10   Life Tech and Biosearch are also involved in litigation in the Southern District of

11   California that has been stayed pending several reexaminations.  *Life Technologies Corp. v.*

12   *Biosearch Technologies Corp.*, 10-CV-2665 JAH (MDD) (filed on December 27, 2010).  This

13   litigation involves different patents than the ones at issue in the current action before this Court.

14   Bio-Synthesis and Eurofins are not parties to the litigation in the Southern District of California.

15   **11.    Relief**

16   Life Tech seeks monetary damages and injunctive relief.  35 U.S.C. § 284 provides:

17   "Upon finding for the claimant, the court shall award the claimant damages adequate to

18   compensate for the infringement, but in no event less than a reasonable royalty, for use made of

19   the invention by the infringer, together with interest and cost as fixed by the court." Accordingly,

20   Life Tech is entitled to damages adequate to compensate Life Tech for Defendants' infringement,

21   *i.e.,* lost profits, price erosion, but in no event less than a reasonable royalty.   Life Tech will base

22   its damages on Defendants' sales of the infringing dual-labeled probes.  Life Tech also seeks an

23   injunction against further infringement of the patents-in-suit.  Life Tech  also asserts that it is

24   entitled to interest and costs as fixed by the Court.

25   Because the computation of damages depends on a number of factors, which are subject to

26   ongoing fact and expert discovery, the complete computation cannot be provided at this time. Life

27   Tech will provide supplementary information containing a computation of damages after

28   damages-related discovery is made available by Defendants, including in particular, the sales of

1   Defendants' infringing products and their profits. Additionally, Life Tech will also ask the Court

2   to increase damages up to three times the amount pursuant to 35 U.S.C. § 284 and to award

3   attorneys' fees pursuant to 35 U.S.C. § 285 as a result of Defendants' willful infringement. Life

4   Tech will produce an assessment of attorneys' fees and costs when appropriate.

5          Biosearch and Eurofins seek a declaration by the Court that the asserted claims of Life

6   Tech's patents are not infringed by any Biosearch or Eurofins product, directly or indirectly and

7   that Life Tech is denied any remedies under 35 U.S.C. §§ 283, 284.  Further, Biosearch and

8   Eurofins seek a finding that this is an exceptional case and an award of attorneys' fees pursuant

9   to 35 U.S.C. § 285 and costs.  Biosearch and Eurofins also seek a declaration that the asserted

10  claims of Life Tech's patents are invalid and unenforceable.

11         **12.    Settlement and ADR**

12         Life Tech and Biosearch have participated in mediation twice, on May 14, 2010 before

13  The Honorable James L. Warren (Ret.), JAMS and on September 15, 2011 before the Honorable

14  Edward A. Infante (Ret.), JAMS.  On June 20, 2011, Life Tech and Biosearch participated in a

15  telephonic Early Neutral Evaluation Conference before Magistrate Judge Mitchell D. Dembin in

16  the U.S. District Court for the Southern District of California to discuss settlement of the

17  Southern District of California litigation.  On August 26, 2011, Life Tech and Biosearch again

18  participated in a settlement conference before Judge Dembin to discuss settlement of both

19  matters.  The parties will comply with ADR L.R. 3-5.

20         Life Tech and Bio-Synthesis entered into a high/low settlement agreement on or about

21  February 3, 2011, the terms of which are confidential.

22         **13.    Consent to Magistrate Judge For All Purposes**

23         The parties do not consent to a Magistrate Judge.

24         **14.    Other References**

25         The parties do not believe that the case is suitable for reference to binding arbitration, a

26  special master, or the Judicial Panel on Multidistrict Litigation.

27         **15.    Narrowing of Issues**

28

Life Tech has sought leave from the Court to amend its infringement contentions, including a narrowing of the number of asserted claims and hopes that the parties will agree to a set of stipulated facts, once trial approaches.  Life Tech believes that any equitable defenses that remain for trial such as inequitable conduct should be bifurcated for a bench trial following the jury trial on liability and damages.  Biosearch and Eurofins do not believe that bifurcated proceedings are necessary.

**16.    Expedited Trial Procedure**

The parties do not agree to an expedited trial procedure.

**17.    Scheduling**

|  | Life Tech's Position | Biosearch & Eurofins' Position | Bio-Synthesis' Position |
|---|---|---|---|
| Close of Fact Discovery | July 27, 2012 | July 27, 2012 | |
| Opening Expert Reports | August 17, 2012 | August 17, 2012 | |
| Rebuttal Expert Reports | September 7, 2012 | September 7, 2012 | |
| Close of Expert Discovery | September 21, 2012 | September 21, 2012 | |
| Last Day to File Dispositive Motions | October 5, 2012 | October 5, 2012 | |
| Trial | November 26, 2012 | December 3, 2012 | |

**18. Trial**

The case will be tried to a jury. Life Tech anticipates that the trial will take 7-10 full days. Biosearch and Eurofins anticipate that the trial will take 7 days.

**19. Disclosure of Non-party Interested Entities or Persons**

Life Tech filed its Corporate Disclosure Statement on January 22, 2010.  Life Tech restates that Life Technologies Corporation ("LIFE") and Applied Biosystems, LLC ("ABI") hereby state that LIFE has no parent corporation and no publicly held corporation owns 10% of more of LIFE's stock, and that ABI is a wholly-owned subsidiary of LIFE.

Biosearch filed its Corporate Disclosure Statement on January 5, 2010.  Biosearch hereby restates that Biosearch has no parent corporation and no publicly-held corporation owns 10% or more of its stock.  Eurofins filed its Corporate Disclosure Statement on January 14, 2010. Eurofins hereby amends the January 14, 2010 disclosure to state that Eurofins is 5 ⅓ % owned by

Qiagen North American Holdings Inc. and 94 ⅔ % owned by Eurofins Genomics Inc., which is wholly owned by Eurofins Genomics BV, a Dutch entity, which is indirectly majority owned by Eurofins Scientific SE.  No publicly held corporation owns 10% or more of Eurofins' stock.


Dated:  March 29, 2012                    /s/ Brian C. Cannon
                                                         Counsel for Plaintiffs



Dated:  March 29, 2012                    /s/ Rita E. Tautkus
                                                         Counsel for Defendants Biosearch and Eurofins



## CASE MANAGEMENT ORDER

        The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:
                                            THE HONORABLE WILLIAM H. ALSUP
                                            UNITED STATES DISTRICT COURT JUDGE

**ATTESTATION OF E-FILED SIGNATURE**

I, Brian C. Cannon, am the ECF User whose ID and password are being used to file this Joint Case Management Statement.  In Compliance with General Order 45, X.B., I hereby attest that Rita E. Tautkus has concurred in this filing.


Dated:  March 29, 2012                                    By_____ /s/ Brian C. Cannon_____
                                                                              Brian C. Cannon