IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LIFE TECHNOLOGIES CORPORATION,
and APPLIED BIOSYSTEMS LLC,

  Plaintiffs,

 v.

BIOSEARCH TECHNOLOGIES, INC.,
BIO-SYNTHESIS, INC., EUROFINS
MWG OPERON INC.,

  Defendants.
 /

No. C 12-00852 WHA

**ORDER GRANTING
PLAINTIFFS' MOTION
FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS
AND VACATING HEARING**

**INTRODUCTION**

In this patent infringement action, plaintiffs move for leave to amend their infringement contentions. For the following reasons, the motion is **GRANTED**.

**STATEMENT**

Plaintiffs Life Technologies Corporation and Applied Biosystems, LLC brought this action against defendants Biosearch Technologies, Inc. and Eurofins MWG Operon, Inc., alleging infringement of U.S. Patent Nos. 5,538,848; 5,723,591, 5,876,930, 6,030,787, and 6,258,569. All five patents are related to a single application with the same lead inventor, Dr. Kenneth Livak. All five patents claim priority to the originally filed application (filed November 1994), which issued as the '848 patent. The '591 patent and the '930 patent issued from continuations-in-part of the '848 patent. The '787 patent and the '569 patent are successive continuations of the '930 patent. These four later-issued patents, the '591, '930, '787, and

1 '569 patents, all have essentially identical specifications. All asserted patents involve
2 monitoring the progress of DNA amplification during a polymerase chain reaction process.
3 The claimed inventions cover monitoring probes with reporter and quencher molecules.

4 Plaintiffs filed this action back in September 2009 in the Eastern District of Texas.
5 Infringement contentions were initially served in May 2010. Contrary to this district's local
6 rules, the Eastern District of Texas's Patent Local Rules do not require identification of
7 third-party direct infringers for the purpose of alleging indirect infringement. Thus, plaintiffs'
8 initial contentions did not include such identifications. In December 2011, defendants served
9 their non-infringement contentions which stated that plaintiffs had failed to identify third-party
10 direct infringers. In response, plaintiffs sought discovery of proprietary non-public information
11 regarding defendants' customers. In their Rule 33 responses, defendants identified several
12 documents which contained the requested information. Some of these documents had been
13 in plaintiffs' possession for almost ten months. For an unknown reason, plaintiffs did not try
14 to access these files until after they received defendants' Rule 33 responses, and when they did,
15 the files turned out to be corrupted. It took approximately two months to obtain the files in a
16 readable format. The files contain defendants' customer lists — *i.e.*, the alleged third-party
17 direct infringers. In the interim, the action was transferred from the Eastern District of Texas to
18 this district.

19 Plaintiffs now seek leave to amend their infringement contentions to (1) add the newly
20 discovered identities of alleged direct infringers in order to comply with this district's Local
21 Patent Rules and (2) reduce the number of asserted claims.

**ANALYSIS**

23 Amendment of infringement contentions "may be made only by order of the Court upon
24 a timely showing of good cause." PAT. L.R. 3-6. "[R]ecent discovery of nonpublic information
25 about the Accused Instrumentality which was not discovered, despite diligent efforts, before the
26 service of the Infringement Contentions," may show good cause. *Ibid.* In addition, "[g]ood
27 cause requires a showing of diligence," and "[t]he burden is on the movant to establish diligence
28 rather than on the opposing party to establish a lack of diligence." *O2 Micro Int'l Ltd. v.*

2

1 *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). In determining whether a
2 party has been diligent, "[t]he critical issue is not when [the party] discovered this information,
3 but rather, whether they could have discovered it earlier had it acted with the requisite
4 diligence." *Google, Inc. v. Netlist, Inc.*, Case No. 08-4144 SBA, 2010 WL 1838693, at *2 (N.D.
5 Cal. May 5, 2010) (Armstrong, J.). Even where good cause is shown to exist, a showing of
6 undue prejudice may support denial of leave. PAT. L.R. 3-6.

### 1. PLAINTIFFS HAVE SHOWN DILIGENCE IN SEEKING AMENDMENT.

8 Defendants contend that plaintiffs have not been diligent in seeking leave to amend
9 because, regardless of whether the files were corrupted, plaintiffs have been in possession of
10 the "newly discovered information" for close to one year and chose not to attempt to review the
11 information until referenced by defendants in their Rule 33 responses (Opp. 3–5). In addition,
12 defendants argue that plaintiffs, who are well aware of the need to identify third-party direct
13 infringers in order to prevail on an indirect infringement claim, have not been diligent in
14 prosecuting their claims because plaintiffs have not, in the nearly two years since discovery
15 began, attempted to discover customer information through depositions or targeted
16 interrogatories regarding sale of the accused products (*id.* at 3). Finally, defendants argue that
17 plaintiffs should have reviewed the corrupted files earlier, rather than waiting for defendants'
18 Rule 33 responses (*ibid.*).

19 While it is true that this order agrees with defendants' contentions, there are
20 considerations that warrant review beyond plaintiffs' lack of diligence in discovering the
21 information. *First*, and most importantly, plaintiffs have been transferred to a new venue
22 and forum which requires more from plaintiffs' infringement contentions than the Eastern
23 District of Texas. In attempt to comply with this district's local rules, plaintiffs reviewed
24 material obtained through discovery. Prior to transfer, plaintiffs had no reason to seek
25 amendment. Plaintiffs sought leave to amend within one month of being transferred to this
26 district. *Second*, discovery is still ongoing — though its end is fast approaching — but this
27 is not a case where plaintiffs are attempting to change the nature of the suit by amending a
28 complaint to add new claims for relief at the eleventh hour. Defendants have been well aware of

3

plaintiffs' indirect infringement claims. While it would have been better for plaintiffs to review discovery material sooner, the basis of their motion to amend is not as much the discovery of the new information, but instead to comply with newly applicable local rules. Thus, this order holds that there is good cause to grant leave to amend and plaintiffs have been diligent in seeking amendment.

### 2. DEFENDANTS WILL NOT SUFFER UNDUE PREJUDICE.

Defendants argue that they will suffer undue prejudice because they will now, in the final hours of discovery, have to engage in substantial third-party discovery (Opp. 6). Defendants, however, still have over two full months before fact discovery is set to close. In addition, and as already mentioned, this is not a case where plaintiffs are seeking to change the nature of the case just before trial is set to begin. No new claims for relief are being asserted. Defendants argue that plaintiffs are attempting to develop a new theory of relief (*ibid.*). Not so. Plaintiffs' claim for indirect infringement is still a part of this action. Plaintiffs are merely trying to identify third-party direct infringers in order to comply with our local rules. Furthermore, the proposed amended contentions reduce the number of asserted claims, thus narrowing the issues for trial (Br. 5). Finally, much of the discovery relating to indirect infringement by the newly identified third parties — namely the information relating to defendants' alleged contributory or induced infringement — is likely to be in defendants' possession. While some discovery will certainly be required, it is far from clear that such discovery will severely prejudice defendants as they so contend. This order holds that defendants will not be unduly prejudiced if plaintiffs' motion is granted.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend their infringement contentions is **GRANTED**. The hearing scheduled for May 24, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: May 18, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4