United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LIFE TECHNOLOGIES CORPORATION,
and APPLIED BIOSYSTEMS, LLC,

    Plaintiffs,

  v.

BIOSEARCH TECHNOLOGIES, INC.,
BIO-SYNTHESIS, INC., and EUROFINS
MWG OPERON INC.,

    Defendants.
                             /

No. C 12-00852 WHA

**ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO STRIKE, AND
VACATING HEARING**

## INTRODUCTION

In this patent-infringement action, plaintiffs move to strike portions of defendants' opening expert report. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The motion hearing scheduled for September 20 is **VACATED**.

## STATEMENT

The factual background of this action has been described in prior orders (Dkt. Nos. 212, 357, 397). Briefly, plaintiffs Life Technologies Corporation and Applied Biosystems, LLC bring this action against defendants Biosearch Technologies, Inc., Eurofins MWG Operon, Inc., and Bio-Synthesis, Inc. for infringement of four related patents, U.S. Patents No. 5,538,848, No. 5,723,591, No. 5,876,930, and No. 6,258,569, that involve monitoring the progress of DNA amplification during a polymerase chain reaction process. The claimed inventions cover monitoring probes with reporter and quencher molecules.

1  This action was filed in the Eastern District of Texas in 2009. Defendants served their
2  invalidity contentions in August 2010 in that district. This action was transferred to the
3  undersigned earlier this year. With trial a month away, defendants have never moved to amend
4  their invalidity contentions. Last month, defendants served the opening invalidity report of their
5  expert Dr. Fred Kramer; whose report cites numerous prior art references and combinations of
6  prior art references that were not specifically identified in defendants' invalidity contentions.
7  Now, plaintiffs request that all sections of Dr. Kramer's report discussing or relying upon
8  undisclosed materials be stricken from the report.

**ANALYSIS**

10  Our patent local rules require detailed disclosure of a party's patent invalidity contentions.
11  *See Oracle v. Google*, Civ. 10-3561, Dkt. No. 464 (N.D. Cal. Sept. 26, 2011) (Alsup, J.). This
12  disclosure must be done with particularity and as to each prior art for each claim limitation: "The
13  identity of each item of prior art that allegedly anticipates each asserted claim or renders it
14  obvious." Patent L.R. 3-3(a); *see also* Patent L.R. 3-3(b). This disclosure must also include a
15  "chart identifying where specifically in each alleged item of prior art each limitation of each
16  asserted claim is found." Patent L.R. 3-3(c). The patent local rules of the Eastern District of
17  Texas have nearly identical disclosure requirements. *See* E.D. Tex. Patent L.R. 3-3; *see also*
18  *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 897 n.1 (E.D. Tex. 2006) ("The local
19  patent rules for the Eastern District of Texas were modeled after the local patent rules adopted by
20  the Northern District of California.").

21  **1. PRIOR ART NOT DISCLOSED AS TO ANY PATENT.**

22  It is undisputed that certain references cited in Dr. Kramer's report were not included in
23  defendants' invalidity contentions (Opp. 4–7). Defendants, however, argue that these undisclosed
24  references should not be stricken because they relate to "background on the art" as oppose to
25  prior art contemplated by our patent local rules. Notably lacking in defendants' opposition brief
26  is any legal opinion or statute that differentiates between what defendants term "background on
27  the art" and "prior art."

28

2

Other courts have rejected such attempts to elude patent local rules by defining materials as "background" or "context." *See Volterra*, 796 F. Supp. 2d 1025, 1047–48 (N.D. Cal. 2011) (Spero, M.J.) (describing such an attempt as an "end-run around" patent local rules); *Emcore Corp. v. Optium Corp.*, Case No. 07-cv-0326, 2009 WL 3381800, at *1–3 (W.D. Pa. Oct. 16, 2009). Indeed, the statutory default for invalidity disclosures, which has more lenient deadlines than our local rules, expressly requires disclosure of publications "showing the state of the art." 35 U.S.C. 282. Our local rules did not remove the disclosure requirement for "state of the art" references. Such disclosures are encompassed within the meaning of "prior art" under our local rules.

The court of appeals has generally defined "prior art" to include events that satisfy the anticipatory criteria set forth in Section 102's subsections. *See Riverwood Intern. Corp. v. R.A. Jones & Co., Inc.*, 324 F.3d 1346, 1354 (Fed. Cir. 2003). The term "prior art" has also been broadly summarized as follows:

> It has been a basic principle of patent law, subject to minor exceptions, that prior art is:
>
> technology already available to the public. It is available, in legal theory at least, when it is described in the world's accessible literature, including patents, or has been publicly known or in . . . public use or on sale "in this country." That is the real meaning of "prior art" in legal theory — it is knowledge that is available, including what would be obvious from it, at a given time, to a person of ordinary skill in the art.

*OddzOn Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1402 (9th Cir. 1997). Our local rules did not alter these definitions, and therefore implicitly adopted them.

With these definitions in mind, the following references in Dr. Kramer's report are prior art under our local rules: Drake et al., *Chemical and Biological Microstructures as Probed by Dynamic Processes*, SCIENCE 251:1574–79 (1991); Matayoshi et al., *Novel Fluorogenic Substrates for Assaying Retroviral Proteases by Resonance Energy Transfer*, SCIENCE 274: 954-58 (1990); Cardullo et al., *Detection of Nucleic Acid Hybridization by Nonradiative Fluorescence Resonance Energy Transfer*, PROC. NATL. ACAD. SCI. 85:8790–94 (1988); Clegg et al., *Fluorescence Resonance Energy Transfer and Nucleic Acids*, METHODS IN ENZYMOLOGY,

3

211:353–88 (1992); Clegg et al., *Observing the Helical Geometry of Double-Stranded DNA in Solution by Fluorescence Resonance Transfer*, PROC. NATL. ACAD. SCI**.** 90:2994-98 (1993); and European Pat. App. Pub. No. EP 0 706 649 B1, titled Method and Apparatus for Real Time Detection of Nucleic Acid Amplification Products. Citations to these references in Dr. Kramer's opening report are **STRICKEN**.[1]

In their opposition brief, defendants point to the fact that some of these undisclosed references were cited in the asserted patents themselves, which plaintiffs obviously had knowledge of. That may be so, but it is unclear why that should change the disposition of this order, which does not address whether Dr. Kramer may rely on the language in the patents themselves to describe the state of the art and provide technological background. This order does hold, however, that Dr. Kramer may not rely on an undisclosed prior art merely because it was cited in an asserted patent.

**2. PRIOR ART LISTED FOR SOME ASSERTED PATENTS BUT NOT OTHERS.**

In defendants' invalidity charts, certain prior-art references were listed only as to some asserted patents but not others (Berry Decl. Exhs. 3–7). Dr. Kramer's report, however, cited those references as prior art invalidating all asserted patents. For example, the sale of a probe in 1991 was identified as a prior-art event only as to the '591 patent in the invalidity chart (Berry Decl. Exh. 4). Dr. Kramer's opening report, however, opines that the 1991 sale invalidates all four asserted patents (Kramer Rpt. ¶ 124). This is improper under our local rules, which required defendants to produce a "chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found." Patent L.R. 3-3(c). Therefore, Dr. Kramer is not permitted to opine that a particular prior art, not specifically identified as invalidating a particular

---

[1] Plaintiffs have not explained why they believe the reexamination proceedings of the asserted patents are "prior art." Nor have plaintiffs explained why non-prior art references, such as the 1992 abandoned patent application, should be automatically excluded from Dr. Kramer's report. Therefore, references to the reexamination and 1992 abandoned application are not stricken.

4

1 claim in defendants' invalidity chart, invalidates said claim. Such opinions in Dr. Kramer's
2 report are **STRICKEN**.[2]

3 Defendants point out that their invalidity contentions broadly stated that each prior art
4 "anticipate and/or render obvious (alone or in combination) the asserted claims of the
5 Patents-In-Suit" (Berry Decl. Exh. 2 at 3). This general disclosure is insufficient under our local
6 rules, which require a "chart identifying where specifically in each alleged item of prior art each
7 limitation of each asserted claim is found." Patent L.R. 3-3(c). Defendants' generic disclosure is
8 insufficient to provide a crystallized view of invalidity theories.

9 Defendants also point out that in their invalidity contentions, they wrote in various
10 footnotes that one prior art may be substituted for another prior art in their invalidity chart (*see,*
11 *e.g.*, Berry Decl. Exh. 5 at 67). Vaguely disclosing that one prior art can substitute for another is
12 insufficient under our local rules, which require, again, a "chart identifying where specifically in
13 each alleged item of prior art each limitation of each asserted claim is found." Patent L.R. 3-3(c).
14 Importantly, these footnotes did not disclose how the "substitute" prior art invalidated each
15 limitation of each claim.

16 Defendants also argue that their disclosures for one asserted patent are sufficient to act as
17 disclosures for all asserted patents because the four asserted patents share "the same core
18 'invention'" as well as common features or limitations" (Opp. 11). This argument is
19 unpersuasive. Defendants are correct that all four asserted patents are derived from related patent
20 applications and generally claim the same subject matter. However, defendants do not get to
21 ambush at this late stage by asserting that the asserted patents *allegedly share* limitations and so
22 disclosure as to one patent would apply to others. Per our local rules, defendants have the burden
23 to list each prior art for each claim limitation in each patent. Patent L.R. 3-3. Defendants have
24 failed to do so.

---

[2] Plaintiffs' identification of prior art they seek to strike had mistakes. For example, plaintiffs represented that Lee et al., *Allelic Discrimination by Nick-Translation PCR with Fluorogenic Probes*, 21 NUCLEIC ACIDS RES. NO. 16, 3761–66 was not disclosed as to the '848 patent (Br. 3). That is incorrect (Berry Decl. Exh. 3). Therefore, this order will not attempt to strike particular sentences of Dr. Kramer's report that cite prior art listed for some asserted patents but not others. Plaintiffs must raise item-by-item objections at trial.

1    Throughout their opposition brief, defendants repeatedly argue that there is no prejudice
2 from their failures to disclosure because plaintiffs should have known what was going to used as
3 prior art as to each asserted claim limitation. This argument is unpersuasive. Defendants have
4 not argued for, and there is nothing in this record to support, a finding of reasonable diligence to
5 amend the disclosures. This is fatal to defendants' argument because unless reasonable diligence
6 has been found, prejudice need not be considered in failures to comply with patent local rules.
7 *See O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1368 (Fed.
8 Cir. 2006).

9    Notably, defendants have not argued that plaintiffs waived their evidentiary objections. In
10 defendants' April 2012 motion for summary judgment, Dr. Kramer submitted a declaration that
11 cited some of these same prior-art references, now stricken from his report by this order(*see* Dkt.
12 No. 324). At that time, plaintiffs did not object to Dr. Kramer's declaration on the basis of
13 problematic invalidity contentions (Dkt. Nos. 336, 338). At least in the procedural context of an
14 appeal, "[d]efects in evidence submitted in opposition to a motion for summary judgment are
15 waived absent a motion to strike or other objection." *Hoye v. City of Oakland*, 653 F.3d 835, 841
16 (9th Cir. 2011). It is unclear, however, whether plaintiffs' waiver on summary judgment should
17 carry over to our current procedural context, a later-filed *Daubert* motion directed at the opening
18 expert report. Because defendants do not raised the issue of waiver in their current opposition
19 brief, this order need not decide it.

**CONCLUSION**

21    For the reasons stated above, citations to undisclosed references in Dr. Kramer's opening
22 report are **STRICKEN**. However, whole paragraphs in the report are not stricken merely because
23 they contain a citation to an undisclosed reference. Some of these paragraphs can stand on their
24 own, some cannot. Neither party has adequately discussed the reliability of Dr. Kramer's
25 opinions that cite the undisclosed, now-stricken references. Therefore, item-by-item objections to
26 particular opinions must be made at trial.

27    This order only address the propriety of Dr. Kramer's opening report and is without
28 prejudice to the issue of the proper scope of his reply report. In this regard, counsel are reminded

6

that reply reports must be limited to true rebuttal. As stated in the case management order, reply reports "should not add new material that should have been placed in the opening report and the reply material will ordinarily be reserved for the rebuttal or sur-rebuttal phase of the trial" (Dkt. No. 331). The deadlines for the opposition and reply reports remain unchanged (Dkt. No. 417).

The motion hearing scheduled for September 20 is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 17, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE