IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LIFE TECHNOLOGIES CORPORATION, et al.,

    Plaintiffs,

  v.

BIOSEARCH TECHNOLOGIES, INC, et al.,

    Defendants.

No. C 12-00852 WHA

**ORDER DENYING REQUEST TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**

Despite this Court's express warning that defendants may file only one motion for summary judgment, defendants nevertheless seek leave to file a second motion raising arguments that could have been raised in their first motion. Incredulously, defendants also seek to flip-flop their position on a central issue: now they want to argue that the "factor of six" limitation is not enabled whereas before, in their first summary judgment motion, they argued that the "factor of six" limitation was inherent in the invention.

The case management order clearly states that "[a]bsent extraordinary circumstances, no party should have more than one shot at summary judgment" (Dkt. No. 331). At the case management conference, after learning that defendants already had a pending motion for summary judgment, the undersigned expressly warned that defendants would only get one shot and gave them a chance to save their opportunity for after the close of discovery, months later:

> THE COURT: You're only going to get one shot at summary judgment. I know you've got one pending now. That's grand; but you lose that one, don't come back. And so if you want to withdraw that, I'm going to give you one; I just don't have the luxury of giving you multiple tries at summary judgment.
>
> DEFENDANTS: We do not want to withdraw it, your Honor.
>
> THE COURT: Okay. I promise you you're going to get a very careful consideration on your motion for summary judgment, because — but realize, it's just once . . . .

(Dkt. No. 334 at 10). Defendants did not withdraw their motion, which was ultimately granted in part and denied in part. The undersigned has not changed his mind. Furthermore, defendants' request is also untimely, as September 6 was the deadline to *file* dispositive motions, not the deadline to seek *leave to file* dispositive motions.

For these reasons, defendants' request is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 17, 2012.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE